UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO. 15-144-WOB-JGW

JOHN COLEMAN                                                                       PETITIONER

V.

DON BOTTOM, WARDEN                                    RESPONDENT

**REPORT AND RECOMMENDATION**

Pending is petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Doc. 1. Respondent has filed his response in opposition (doc. 7)[1] and petitioner failed to submit a reply by the November 25, 2015 deadline. *See* Doc. 4. The petition thus is ready to be adjudicated. After examining the record and applicable law, the Court recommends that the petition be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

In its opinion affirming the trial court's denial of petitioner's Kentucky Rules of Criminal Procedure (RCr) 11.42 motion for post-conviction relief the Kentucky Court of Appeals set forth the most basic underlying facts and procedural history as follows:

---

[1] Remarkably, twenty-five pages of respondent's response is devoted to an exhaustive, string cite filled, boilerplate recitation of various habeas corpus standards of review. *See* Doc. 7, p. 2-26. Indeed, respondent even included a paragraph discussing the death penalty--despite the fact the case at hand does not involve the death penalty. *See Id.* at 23. Contrastingly, respondent's merits analysis consists of only four paragraphs, one of which is one sentence long and another of which is wholly devoted to the standard of review. *Id.* at p. 28-29. In other words, respondent discusses the standards of review for twenty-five pages yet only discusses the actual issues at hand for two substantive paragraphs.
    The Court *strongly* urges the Office of the Attorney General of Kentucky, which represents warden respondents in §2254 actions, to focus on the legal issues and to *greatly* reduce the overwhelming discussion of the standards of review in all future responses to habeas petitions.

In 2006, a Kenton County grand jury returned an indictment charging John C. Coleman with Possession of a Handgun by a Convicted Felon. Subsequently, the grand jury returned an additional indictment charging Coleman with first-degree Wanton Endangerment and being a Persistent Felony Offender in the second degree (PFO II). The Wanton Endangerment count was dismissed prior to trial. Following a trial in October 2007, the jury convicted Coleman on both remaining counts. The jury fixed his sentence at seven years' imprisonment, enhanced to twenty years by virtue of his status as a PFO II.

On direct appeal, the Kentucky Supreme Court reversed the conviction and remanded for a new trial. *Coleman v. Commonwealth*, No.2008–SC–000072–MR, 2009 WL 3526657 (Ky.2009). Upon remand, the Commonwealth sought to amend the indictment and charge Coleman as a Persistent Felony Offender in the first degree (PFO I) based upon evidence of an additional prior conviction in Ohio. The trial court allowed the amendment. Ultimately, the jury found Coleman guilty of the possession and PFO 1 charges. The jury fixed his sentence at 5 years on the handgun-possession charge, enhanced to 17 ½ years by virtue of his status as a PFO I. This Court affirmed the convictions on appeal. *Coleman v. Commonwealth*, No.2010–CA–001015–MR, 2012 WL 3055210 (Ky.App.2012).

Therafter [sic], on November 14, 2013, Coleman filed a pro se motion to vacate his conviction pursuant to RCr 11.42, alleging several counts of ineffective assistance of counsel. On June 18, 2014, the trial court denied the motion without an evidentiary hearing.

*Coleman v. Commonwealth*, 2015 WL 4498782, at *1 (Ky.App. July 24, 2015) (footnote omitted).

Shortly thereafter, petitioner submitted the pending §2254 petition, which was filed by the Clerk of Court on August 3, 2015. Doc. 1. The petition raises one issue, an allegation that petitioner is "being held without a real indictment. The PFO . . . enhancement indictment did not come from a Grand Jury. It's a Null and Void Indictment." *Id.* at p. 5. For his supporting facts, petitioner alleges:

> The PF0.2. indictment is a fraud, a fake, that never went threw [sic] the process of a grand jury. Although the time [presumably the prison sentence] from the the [sic] PF0.2 was reversed by the Kentucky Supreme Court on a previous ruling stinting from this case['s] first dirrect [sic] appeal, the charge still remained. At the second trial the PF0.2 was amended to a PFO.l Since the PF0.2 wasn't abtained [sic] by going threw [sic] the grand jury process, the PFO.l is voided. Without this enhancement, I'd be left with 5 yrs. for the Gun charge. I have eight years and five months in prison so far. Way pass [sic] my sentence. [sic] Review

2

of the complete records of this case will show that there is no audio or video of this so called Grand Jury taking place for this PF0.2 (Persistent Felony Offender in the second Degree) charge.

On a direct challenge from the 11.42 motion to The [sic] kenton [sic] County Curcuit [sic] Court to produce such evidence of that hearing taking place, was ignored or stepped over, twisted and brushed to the side. [sic] The issue of the fact of this indictment that[']s in question was never adressed [sic] at all. They clearly ignored the fact that this so called indictment never went thew [sic] the prosess [sic] of a Grand Jury. It was never an indictment to begin with. A simple review of the complete record of this case will show just that. On 11-19-2007, I was to be sentenced for my convictions in this case, but the PSI [presentence investigation report] had it that i [sic] took a deal for 10yrs. It is my belief that the Kenton Curcuit [sic] Court knew that the indictment was not real and this was a way to attempt to make it go away. After my rant on record that I needed my Appeal process and that I did not accept any deals for 10 yrs., the Court continued the sentencing faze [sic] for another day. On 12-03-2007, I was sentenced for the Gun charge and the PF0.2 fake indictment.

Further review of the record shows that on 8-30-2007 I was presented by the Commonwealth Attorney Robert Sanders with another indictment for a Wanton Endangerment in the first. This was dismissed before the trial began. On 9-20-2007 I was presented by the Commonwealth Attorney Robert Sanders with another indictment for a Persistent felony Offender in the 2nd. [sic] degree. Both baring [sic] the same indictment number 06-cr-00238. [sic] These two so called "indictments" has [sic] the same indictment number as the Gun charge which I recieved [sic] a year before in 2006. April, 2006. [sic] These last two so called "indictments" was [sic] not Superceding [sic], nor did the Courts [sic] hold a hearing to run these two together with the 2006 indictment. The Clerk of Courts stamp on the fake indictments of 2007 shows that it was presented in open court on 8-30-2007 for the Wanton Endangerment charge, and 9-20-2007 on the PF0.2 charge.

Further indicating that these two indictments of 2007 could not have came [sic] from any active sitting Grand Jury, in 2007, for it bares [sic] the number of a 2006 returned indictment. A simple review of the record will show that the PF0.2 charge was a ploy to obtain a plea deal, that the Commonwealth Attorney Robert Sanders did not go threw [sic] the proper Grand Jury process to obtain the 2007 indictments. Yes, the PF02. charge was overturned on direct [appeal] by the Kentucy [sic] Supreme Court, however the charge itself remained and was used to amend it to an [sic] PF0.1 degree charge in the middle of the second trail [sic]. Records will show that I was convicted and sentenced for this amended PFO charge. Since the PF0.2 degree charge indictment was not obtained by any sitting Grand jury then It [sic] should not be able to be used to be amended. Making the PF0.1 charge Nulled [sic] and Void. [sic]

>There is no Record [sic] indicating that these Grand Jury hearings ever took place.

*Id.* at 5, 18.

## II. ANALYSIS

### A. Standard of Review

The Supreme Court has made plain the steep hurdle a §2254 petitioner faces in federal court. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) . . . [a federal] court ha[s] no power to afford relief unless [a petitioner] could show either that the [state court's] decision affirming the conviction 'was contrary to, or involved an unreasonable application of,' clearly established federal law as reflected in the holdings of this Court's cases, 28 U.S.C. § 2254(d)(1), or that it 'was based on an unreasonable determination of the facts' in light of the state court record, § 2254(d)(2)." *Cavazos v. Smith*, ___ U.S. ___, 132 S.Ct. 2, 6 (2011). Accordingly, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

To underscore the high hurdle a petitioner must cross in order to merit habeas relief, the Court reiterated that "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* "If this standard is difficult to meet, that is because it was meant to be. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in

4

federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-103.

### B. Allegedly Invalid Indictment

As the Court construes his somewhat difficult to follow petition, the gist of petitioner's argument is that his PFO 1 conviction is improper because that charge is premised upon an amendment of a fatally flawed PFO 2 charge. That argument has not been presented to Kentucky state courts in a timely manner in its current form. To resolve the matter, it is necessary to engage in a detailed analysis of the history of the charges against petitioner and the arguments he has presented to the Kentucky courts.

In April 2006, petitioner was indicted for being a felon in possession of a handgun. Doc. 9-1, p. 34. That indictment was given case number 06-238. *Id.* In August 2007, petitioner was indicted on one count of wanton endangerment. *Id.* at p. 68. Despite it being issued over a year after the initial felon in possession charge, the wanton endangerment indictment was captioned as being Count II of case number 06-238. *Id.* In September 2007, petitioner was indicted for being a PFO 2. *Id.* at 80. That indictment was captioned as being Count III of case 06-238. *Id.*

In October 2007 petitioner was convicted of the felon in possession charge and the PFO 2 charge, and in December 2007 petitioner was sentenced to twenty years' imprisonment. *Id.* at p. 117-118. There is no indication that petitioner questioned the validity of his PFO 2 indictment in direct appeal to the Kentucky Supreme Court. In 2009, the Kentucky Supreme Court reversed

5

petitioner's convictions based on a violation of petitioner's Sixth Amendment right to confront the witnesses against him. *Coleman v. Commonwealth*, 2009 WL 3526657 (Ky. Oct. 20, 2009).

According to the Kentucky Court of Appeals, in February 2010, about two days before retrial on remand, the Commonwealth informed the trial court that it would seek to amend the PFO 2 charge against petitioner to a PFO 1 charge. *Coleman v. Commonwealth*, 2012 WL 3055210, at *3 (Ky.App. July 27, 2012) ("Prior to a re-trial, on February 22, 2010, motions in limine were heard by the court. Coleman's attorney moved to prohibit the Commonwealth from introducing the name of the underlying felony for the possession of a handgun by a felon charge. Coleman also moved to preclude the Commonwealth from introducing evidence that he gave a false name to the police. Both motions were denied. It was also at this hearing that the court became aware that the Commonwealth would be seeking to amend the indictment to charge Coleman with PFO 1, as opposed to the PFO 2 charge at the first trial. . . .The trial began on February 24, 2010."). The Court has not located a written order permitting the amendment of the indictment, nor has respondent provided the Court with any videotapes wherein the amendment was orally argued.[2] Petitioner was convicted of being a felon in possession and of being a PFO 1 in February 2010 and in March 2010, petitioner was sentenced to 17 ½ years' imprisonment. Doc. 9-1, p. 203-204.

---

[2] The Court's review of the record revealed that in its April 2014 response to petitioner's RCr 11.42 motion for state post-conviction relief, the Commonwealth Attorney attached what purports to be an indictment charging petitioner with being a PFO 1, which is labeled Count IV and bears the 06-238 case number. Doc. 9-1, p. 269-270. That document is undated and does not bear a file stamp from the Kenton Circuit Court. That purported indictment was not discussed by the Kentucky courts in their orders denying either petitioner's second direct appeal or RCr 11.42 motion, nor is the purported PFO 1 indictment discussed by the Commonwealth in its response to the §2254 petition at hand.

Among the issues raised by petitioner in his direct appeal to the Kentucky Court of Appeals was an argument that the Commonwealth engaged in vindictive prosecution by amending the PFO 2 charge to a PFO 1 charge on remand. Petitioner also alleged that he was not given adequate notice of the amended PFO charge prior to trial. The Kentucky Court of Appeals rejected petitioner's arguments, holding:

> Coleman's first argument is that the Commonwealth engaged in vindictive prosecution when it changed the PFO 2 charge to a PFO 1 charge after the reversal of his conviction. Coleman argues that he is being punished for successfully appealing his first conviction. He supports this with the fact that he was not informed of the PFO 1 charge until a few days before trial. We find that this is not a case of vindictive prosecution.
>
> RCr 6.16 provides that the court may permit an indictment to be amended any time before a verdict. That was the case here. The Commonwealth points out that Coleman has always been eligible for the PFO 1 charge. At his first trial, even though he was PFO 1 eligible, the Commonwealth was unable to obtain all the necessary information to proceed with that charge. Once the case was remanded for a new trial, the Commonwealth had the time to get the necessary information and amended the PFO 2 charge to a PFO 1 charge.
>
> The only difference between a charge of PFO 1 and PFO 2 is parole eligibility. With a PFO 2 charge, Coleman would have been eligible for parole after serving 20% of his sentence. A PFO 1 charge requires he serve 10 years before becoming eligible for parole. However, no one has a constitutional right to parole. *Belcher v. Kentucky Parole Bd.*, 917 S.W.2d 584 (Ky.App.1996). Further, as stated above, Coleman was always eligible to be charged with PFO 1. The amendment prior to re-trial in this case was not the addition of a new offense, but merely a new degree of an offense for which Coleman was already indicted.
>
> If Coleman had not been charged with a PFO charge during his first trial and the Commonwealth charged him with the new PFO charge during his second trial, the outcome may have been different. In *Clark v. Commonwealth*, 324 S.W.3d 747 (Ky.App.2010), Earl Clark was indicted on April 5, 2007, on one count of receiving stolen property over $300. A jury trial occurred on September 24 and 25, 2008. On the morning of September 25, the Commonwealth informed the trial court that Clark was eligible for a PFO charge and that it was in the process of seeking an indictment. After the jury retired to deliberate the stolen property charge, the PFO indictment was returned and Clark was arraigned on that charge. Prior to sentencing, Clark entered a conditional guilty plea, allowing him to appeal the PFO charge.

7

> On appeal, a panel of this court found that it was prejudicial to Clark's case that he was not given any notice of the PFO charge prior to trial in order to attempt to defend against the charge. Also, the Commonwealth in that case knew about the possibility of charging Clark with PFO prior to trial, but did not indicate any intention of doing so.
> *Clark*, however, is distinguishable from the instant case. Here, Coleman has always known he was subject to a PFO charge, and no argument exists that defense counsel was unable to defend against it. Also, once the PFO 2 charge was amended to PFO 1, the trial court offered a continuance to Coleman, which he declined. Ultimately, no vindictive prosecution occurred in this case. The Commonwealth could have charged Coleman with PFO 1 at his first trial, but chose not to. The Commonwealth's actions were not unreasonable.

*Coleman*, 2012 WL 3055210, at *3-4 (footnote omitted). The Kentucky Supreme Court denied discretionary review in February 2013 and petitioner filed his RCr 11.42 motion in November 2013. *See* Doc. 9-1, p. 228-249.

As it pertains to the §2254 petition at hand, in his 11.42 motion petitioner alleged that the PFO 2 indictment "was a falsified document" and counsel was ineffective for failing to so argue. *See id.* at 244. In June 2014, the trial court denied petitioner's RCr 11.42 motion, noting that petitioner had failed to question the validity of his PFO 1 indictment in his first direct appeal to the Kentucky Supreme Court and the Kentucky Court of Appeals had already opined in petitioner's second direct appeal that there was no error in amending the PFO 2 charge to a PFO 1 charge. *Id.* at 287-88.

Petitioner appealed the trial court's denial of his RCr 11.42 motion to the Kentucky Court of Appeals, arguing that "his trial counsel failed to raise a jurisdictional challenge to the amendment of the PFO charge from second degree to first degree [and] . . . the additional indictments issued in 2007 and 2010 were improperly returned under the original 2006 case

number, rendering them void." *Coleman*, 2015 WL 4498782, at *2. In July 2015, the Kentucky Court of Appeals affirmed the trial court, holding in relevant part:

> Coleman presents no evidence and cites to no authority for his suggestion that the grand jury lacked jurisdiction to return the amended indictment, or that the indictments were otherwise defective.
> Even if the form for adding the additional charges was improper, the validity of an indictment shall not be affected by reason of a defect or imperfection that does not tend to prejudice the substantial rights of the defendant on the merits. RCr 6.12. In the most recent appeal, this Court found that the PFO charge was properly amended to first degree. In the absence of any showing of prejudice, Coleman was not entitled to an evidentiary hearing on this issue.
> Finally, Coleman argues that his appellate counsel was ineffective for failing to preserve and raise on appeal the issues relating to the PFO indictments on appeal. *Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010). As noted above, we agree with the trial court that Coleman has not identified any non-frivolous jurisdictional defect that his trial counsel should have raised. Consequently, his appellate counsel cannot have been ineffective for failing to raise the issue.

*Id.* at *2-3. Petitioner filed the pending §2254 petition shortly thereafter.[3]

Petitioner failed to challenge the validity of the PFO 2 indictment in his first direct appeal to the Kentucky Supreme Court. Moreover, it is not readily apparent that he presented the argument in his §2254 petition regarding the validity of the PFO 2 indictment in subsequent state court proceedings. Instead, petitioner has argued vindictive prosecution and ineffective assistance of counsel, neither of which he asserts in his §2254 proceeding. A habeas petitioner is required to present fully his arguments to the state courts before raising them in federal court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other

---

[3] Respondent has not alleged that the §2254 petition is untimely.

words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); *Sheppard v. Bagley*, 604 F.Supp. 2d 1003, 1011 (S.D. Ohio 2009) ("Although a certain degree of tinkering is permissible, a petitioner does not fairly present a claim if he presents an issue to the state courts under one legal theory and set of facts, and then presents the issue to the federal courts under a different legal theory or a different set of facts. Rather, he must present to the federal court essentially the same facts and legal theories that were considered and rejected by the state courts."). Moreover, "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are analytically distinct." *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (internal quotation marks omitted). Therefore, petitioner has failed to exhaust properly his state remedies and he has not shown either cause or prejudice sufficient to excuse that failure.

In any event, even if the failure to exhaust were overcome, petitioner has not shown a substantive entitlement to relief. There is no inherent federal right to be charged via an indictment issued by a grand jury. *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule. In fact, it does not require an indictment at all if sufficient notice of the charges is given in some other manner.") (citation omitted). Even if petitioner theoretically were entitled to an indictment under Kentucky state law (a scenario the Court entertains temporarily and solely for purposes of argument), federal habeas relief is unavailable

for errors based on state law. *See, e.g., Moore v. Mitchell*, 708 F.3d 760, 791 (6th Cir. 2013) (holding that "habeas exists only to correct errors of federal law, not state law . . . ."). Finally, petitioner has offered only his naked argument and conjecture to show how/why the PFO 2 indictment was somehow invalid. Such an unsupported argument is woefully inadequate to obtain federal habeas relief. For example, petitioner has not shown how a PFO indictment issued in 2007 is constitutionally infirm if the indictment is captioned with a case number from 2006. In short, petitioner has not shown on the merits that the Kentucky courts committed any error(s) sufficient to warrant federal habeas relief.

### III. Conclusion

For the foregoing reasons, petitioner's 28 U.S.C. §2254 petition (doc. 1) should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); see also *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not specify the issues of contention is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another

party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 15th day of December, 2015

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge